### John Mulhall *vs.* Nicholas Quinn & trustees.

An assignment of all the claims which the assignor then had or might have on the first of January next against the city of Boston for all sums of money due or to become due to him for services in laying common sewers, with power of attorney to the assignee to receive the same, was made by one, who had previously been employed by the city on a particular job; and who was after the assignment, and before said first of January, again employed by the city, at the same prices as before, which were paid by the city to the assignee, taking his receipt "for" the assignor; but who was under no contract with the city at the time of the assignment. *Held*, that the assignment did not pass money subsequently earned, and that the city were chargeable as trustees of the assignor for such money remaining in their hands.

This case, which was argued on exceptions to the ruling of *Hoar*, J. in the court of common pleas, appears in the opinion.

SHAW, C. J.　The city of Boston are summoned as the trustees of Nicholas Quinn; they admit that at the time of the service, August 27th 1851, they were indebted to Nicholas, but they deny that they are liable to be charged as his trustees, because they say that before the summons, the debt was assigned to James Quinn, of which they had notice.　On this disclosure, James Quinn was summoned, came in, and asserted his claim under an assignment made to him by the defendant on the 1st of July 1851, purporting to transfer to him " all claims and demands which I [Nicholas Quinn] now have or which I may have against the city of Boston on the first day of January next, for all sums of money due and to become due to me, for services in laying common sewers of the said city ; " with power of attorney irrevocable to receive the same.

The facts appearing from the trustees' answers, after long and repeated examinations, are few and simple.　It is conceded that all the sums due to Nicholas Quinn, at the time of the assignment, had been paid to James Quinn as assignee, and that he receipted for them as the attorney of Nicholas.　The question therefore is, on the moneys which became due for services, between the 1st of July and the 27th of August.　It appears that, at the time of the assignment, there was no subsisting engagement between Nicholas Quinn and the city, the one to perform work, or the other to employ and pay him.　All that appears is, that, at an anterior period, the agent of the city in that department had engaged the defendant for a particular job, and paid him for his own services and the services of the men employed by him at a fixed rate; that since the assignment, when engaged by the agent on other jobs, without any other agreement as to price, he had charged, and the city had paid, the prices formerly paid.　But each piece of work, on which the defendant was engaged, was done in pursuance of directions from the agent; the city were at liberty to employ him or not, and he to work or not; and it would have been open to either to propose and insist on other prices.　Notice of the assignment was given to the city, but they did not accept, or undertake to pay the assignee.　They took notice of the assignment, as they

afterwards did of the service of the trustee process, for their own information and government. `They paid to James Quinn, taking his receipt "for Nicholas Quinn," as they well might, until service of trustee process, whether James Quinn held a valid assignment or only a naked power. A power he certainly had.

Under these circumstances, the court are of opinion that, beyond the earnings due at the time of the assignment, there was no valid assignment which can be set up to defeat this trustee attachment, and that the earnings of Nicholas Quinn, between the assignment and the attachment, did not vest in the assignee. The future earnings constituted a mere possibility, coupled with no interest. There was no subsisting engagement, under which wages were to be earned, and it depended altogether upon a future engagement, whether any thing would ever become due. Such was the decision of the judge who tried the cause; and we are satisfied that it was correct.

None of the cases go so far as to hold that the mere possibility of being again employed by the city, and of earning wages under that employment at a future time, is capable of being assigned. The debt may be conditional, uncertain as to amount, or contingent, but to be the subject of an assignment, there must be an actual or possible debt, due or to become due. The assignment of an unliquidated balance is good. *Crocker* v. *Whitney*, 10 Mass. 316.

A power of attorney, although irrevocable in terms, does not amount to an assignment, when no assignable interest exists at the time. *Hall* v. *Jackson*, 20 Pick. 194. The case of *Carrique* v. *Sidebottom*, 3 Met. 297, went on the ground, not only that there was no assignable interest, but apparently no interest to assign, and only a power of attorney to receive. In *Gardner* v. *Hoeg*, 18 Pick. 168, though it was an assignment of wages not earned, yet it was for a voyage on which the assignor had shipped for a certain lay or rate of wages to be earned. In the case of *Weed* v. *Jewett*, 2 Met. 608, in which the assignment was held good, the assignor was in the actual employment of the company summoned as trustees, and it does not appear ‑

whether for a certain time or indefinitely.   So in *Emery* v
*Lawrence*, 8 Cush. 151, the assignor was in the actual employ-
ment of the trustees.   The true principle is stated, and the pro-
per distinction taken in *Brackett* v. *Blake*, 7 Met. 335.   If a
party is under an engagement for a term of time, to which a
salary is affixed payable quarterly, especially if he has entered
upon the duties of his office, although at any time liable to be
removed, he has an interest, which may be assigned.

In the present case, we think that this assignment was not
vailable beyond the sums then due, and that the trustees must
be charged on their answers.               *Trustees charged.*

*J. H. Bradley*, for the claimant.

*R. F. Fuller*, for the plaintiff.