---

(Hamilton County Common Pleas Court.)
TOLMAN v. HYNDMAN STEEL ROOFING COMPANY.

---

An assignment of future wages which may be earned under a contract of employment not yet in existence is void, because such earnings are a mere expectancy not coupled with any present interest.

---

HOLLISTER, J.

The case was heard at a former term

[COPYRIGHT, 1899, BY CARL G. JAHN.]

on demurrer to the petition and was decided orally, the demurrer being sustained. Since then many inquiries have been made by members of the Bar here and elsewhere, touching the exact ground on which the ruling of the court was made, there appearing to be much diversity of opinion in that respect. The court, therefore, now states the case and its conclusion in permanent form.

One John Rose was indebted to the plaintiff in the sum of $63, to secure the payment of which he delivered to the plaintiff a paper, which reads:

"Cincinnati, Ohio, April 8, 1898.

"To the Cincinnati Railroad Omnibus Company, or any other person, firm, co-partnership, corporation, organization, or official by whom I am now or hereafter may be employed, or from whom I may have any money due or to become due, on presentation of a copy of this order, duly verified, any time after the expiration of ten years from the date hereof, pay to the order of D. H. Tolman, for value received, $63.00 less the amount endorsed on the back hereof, with interest at 6 per cent. per annum, out of any money due me or to become due after the presentation of a verified copy of this order. I hereby irrevocably waive all exemptions or other rights I may have by reason of any law of any state in which I am now or may hereafter be employed or live, and order such payment out of the first money to become due me. In witness whereof, I have my seal on the day and year first above written.
                    John Rose."

Rose was not then employed by the defendant, and, so far as appears, was not in the service of any one. On July 20th, 1898, he was employed by the defendant at $10 per week, and, as alleged in the petition, which was filed October 20th, 1898, he "continued to be until the 28th day of September, 1898, and is still employed by said company." On the day Rose obtained employment, July 20th, 1898, the plaintiff served the defendant with a copy of the paper above described.

The defendant claimed that the as-

signment of wages to be earned under contract for employment not in existence at the time the assignment was made, was void.

It is clear that when the assignment or order was executed Rose had no present interest in any future contract he might make for his services, and had at best a mere expectancy of employment by some one. It might well be that after the execution of the paper Rose, by reason of sickness or shiftlessness or other reason, would never receive employment.

The principle involved has been considered by the supreme court in Hart v. Gregg, 32 Ohio St., 502. It was decided in that case that the expectancy of a son in land owned by the father, which would descend to him if he survived his father and the latter should die intestate owning the same, was not susceptible of conveyance by the son. Judge Johnson says, at page 511 of the report:

"During the father's lifetime all that the son had was a mere naked possibility not coupled with an interest, which could not be released, assigned or devised."

A case similar to that under discussion arose in Massachusetts, Mulhall v. Quinn, 67 Mass., 105. On July 1, 1851, the assignor, Nickolas Quinn, assigned to James Quinn all claims he might have on the first of January following against the city of Boston for money due or to become due him for services rendered to the city in laying sewers. The assignment was accompanied by an irrevocable power of attorney authorizing the assignee to draw such money, and notice was given the city. The assignor had been employed by the city prior to the assignment, and was afterwards, and before the following August 27th. At that date the city was summoned under trustee process, similar to our proceedings in attachment, with respect to a debt due from the assignor to Mulhall. It was held that the earnings between the assignment and the attachment did not pass to the assignee. Chief Justice Shaw, in delivering the opinion, said:

"The future earnings constitute a mere possibility, coupled with no interest. There was no subsisting engagement under which wages were earned, and it is dependent altogether upon a future engagement whether anything would ever become due."

It was on this principle and these authorities that the demurrer was sustained. As to the other reasons urged against the validity of this assignment, that the defendant had failed to accept the order, as in Jermyn v. Moffitt, 75 Pa. St., 399, and that such an assignment is contrary to public policy, as in Woodring v. Lehigh Valley Railway Co., 2 Pa. Co. C. Rep., 465, the court expressed no opinion, as it was not necessary to do so.

Marsh & Ritchie, for the demurrer.
Louis H. Zeter, contra.